```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                        EASTERN DIVISION
```

|  |  |  |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ◊ ◊ ◊ ◊ | |
| Plaintiff, | ◊ ◊ | |
| vs. | ◊ ◊ | No. 11-1315-JDB/egb |
| DANNY O. DANIELS, | ◊ ◊ ◊ | |
| Defendant. | ◊ ◊ | |

ORDER REMANDING CASE TO HAYWOOD COUNTY GENERAL SESSIONS COURT
AND
ORDER DENYING ALL PENDING MOTIONS AS MOOT DUE TO REMAND

On October 17, 2011, Defendant Danny O. Daniels filed a Notice of Removal that purported to remove an action styled <u>Federal National Mortgage Association v. Danny O. Daniels</u>, No. 2011-CV-625, from Haywood County General Sessions Court. (D.E. 1.) Daniels did not pay the filing fee. On October 21, 2011, the Court directed Defendant to file a motion seeking leave to proceed <u>in forma pauperis</u> or pay the filing fee. (D.E. 3.) The Court issued an order on December 1, 2011, granting leave to proceed <u>in forma pauperis</u>.

The Notice of Removal is not signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, does not provide a short and plain statement of the grounds for removal, and does not contain "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action," as required by 28 U.S.C.

§ 1446(a). Apart from these serious defects, there is no subject-matter jurisdiction over the action.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed 2d 391 (1994) (citations omitted); see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxite de Guinee, 456 U.S. 694, 701, 102 S. Ct. 2099, 2104, 72 L. Ed. 2d 492 (1982) ("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S. Ct. 2396, 2403, 57 L. Ed. 2d 274 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction.").

Federal courts are obliged to act sua sponte whenever a question about jurisdiction arises. See, e.g., Insurance Corp. of Ireland, Ltd., 456 U.S. at 702, 102 S. Ct. at 2104 ("a court,

including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10, 58 S. Ct. 586, 589 n.10, 82 L. Ed. 845 (1938); Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte"). A district court may address the issue of subject-matter jurisdiction of a removed case sua sponte. Probus v. Charter Communic'ns, LLC, 234 F. App'x 404, 406 (6th Cir. 2007). Although a district court may not remand a case sua sponte because of a procedural defect in the removal, Page v. City of Southfield, 45 F.3d 128, 132-33 (6th Cir. 1995), a sua sponte remand for want of subject-matter jurisdiction is permitted, Lexington-Fayette Urban County Gov't Civil Serv. Comm'n v. Overstreet, 115 F. App'x 813, 816-17 (6th Cir. 2004).

The fact that a litigant is proceeding pro se does not absolve him from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of pro se prisoner suits, the Supreme Court suggested that pro se complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519 . . . (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits. See, e.g., id. at 521 . . . (holding petitioner to standards of Conley v. Gibson); Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be less stringent with pro se complaint does not require court to conjure up unplead allegations), cert. denied, 464 U.S. 986 . . . (1983); McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (same); Jarrell v. Tisch, 656 F. Supp. 237 (D.D.C. 1987) (pro se plaintiffs should plead with requisite specificity so as to give defendants

3

notice); Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981) (even pro se litigants must meet some minimum standards).

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Lindsay v. Owens Loan, No. 08-CV-12526, 2008 WL 2795944, at *2 (E.D. Mich. July 18, 2008) ("While pro se litigants should not be held to the same stringent standard as licensed attorneys who draft pleadings . . . , it is also not the role of the court to speculate about the nature of the claims asserted."); Reeves v. Ratliff, No. Civ.A.05CV112-HRW, 2005 WL 1719970, at *2 (E.D. Ky. July 21, 2005) ("Judges are not required to construct a [pro se] party's legal arguments for him."); United States v. Kraljevich, No. 02-40316, 2004 WL 1192442, at *3 (E.D. Mich. Apr. 15, 2004); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her."); cf. Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." The Court must consider whether some basis for federal jurisdiction is apparent from the face of the complaint. 28 U.S.C. § 1446(c).

Daniel's formulaic recitation of acts and statutes consists of nothing more than labels and conclusions without any underlying factual basis for this Court's jurisdiction. Although Defendant seeks to stop his eviction from the foreclosed property, he has no constitutional claim for deprivation of property without due process if adequate state remedies are available to redress the deprivation. Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204, 82 L. Ed. 2d 393 (1984); Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985); Brooks v. Dutton, 751 F.2d 197, 198-99 (6th Cir. 1985). State law remedies that are or were available to Daniels clearly satisfy his due process rights.

Where a party has invoked state judicial remedies, he has the right to contest and seek judicial review in the state forum. If a state court has entered a judgment in favor of a plaintiff, the defendant may not attack the state court proceedings or judgment in a collateral proceeding in federal court. That would constitute obtaining review in this Court of the decision of a Tennessee court.

The United States Supreme Court is the only federal court with jurisdiction to review any state-court decision. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311, 75 L. Ed. 2d 206 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923). "Under the Rooker-Feldman doctrine, a litigant who loses in state court may not seek 'what in substance would be appellate review of the state judgment in the United States district court, based on the losing

party's claim that the state judgment itself violated the loser's federal rights.'" Kafele v. Lerner, Sampson & Rothfuss, L.P.A., 161 F. App'x 487, 489 (6th Cir. 2005) (per curiam); see also Lance v. Dennis, 546 U.S. 459, 463, 126 S. Ct. 1198, 1201, 163 L. Ed. 2d 1059 (2006) ("[U]nder what has come to be known as the Rooker-Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."); Exec. Arts Studio v. City of Grand Rapids, 391 F.3d 783, 793 (6th Cir. 2004) (same), reh'g en banc denied (Feb. 25, 2005); Howard v. Whitbeck, 382 F.3d 633, 638(6th Cir. 2004) (same); cf. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22, 161 L. Ed. 2d 454 (2005) (the Rooker-Feldman doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

> The doctrine applies "only when a plaintiff complains of injury from the state court judgment itself." Coles v. Granville, 448 F.3d 853, 858 (6th Cir. 2006)). "If the source of the injury is the state court decision, then the Rooker-Feldman doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006). Additionally, the Rooker-Feldman doctrine "does not prohibit federal district courts from exercising jurisdiction where the plaintiff's claim is merely a general challenge to the constitutionality of the state law applied in the state action, rather than a challenge to the law's application in a particular state case." Hood v. Keller, 341 F.3d 593, 597 (6th Cir. 2003).

Abbott v. Michigan, 474 F.3d 324, 328 (6th Cir. 2007. Furthermore,

> federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. Clark v. Washington, 366 F.2d 678 (9th Cir. 1966); Campbell v. Washington State Bar Ass'n, 263 F. Supp. 991 (W.D. Wash. 1967).

Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970). Thus, to the extent that plaintiff might be attempting to challenge a state court ruling, he also has no claim.

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

This Court lacks jurisdiction or must abstain from exercising any jurisdiction[1] over Defendant's claims. He may litigate his

---

[1] The Notice also states that there is federal diversity jurisdiction. Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a). A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89, 126 S. Ct. 606, 613, 163 L. Ed. 2d 415 (2005) (citations omitted). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." Naartex Consulting Corp. v. Watt, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983); see also Johnson v. New York, 315 F. App'x 394, 395 (3d Cir. 2009) (per curiam); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (complaint did not properly allege diversity jurisdiction); Leys v. Lowe's Home Centers, Inc., 601 F. Supp. 2d 908, 912-13 (W.D. Mich. 2009) (complaint and notice of removal did not adequately establish diversity jurisdiction); Ellis v. Kaye-Kibbey, No. 1:07-cv-910, 2008 WL 2696891, at *2-3 (W.D. Mich. July 1, 2008) (dismissing complaint for failure adequately to allege facts establishing diversity of citizenship despite conclusory allegation that diversity exists); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1208 (3d ed. 2004).
  The Notice of Removal does not plead the citizenship of Fannie Mae. The Notice does not acknowledge that Fannie Mae, the party filing the detainer, is the Plaintiff. Ordinarily, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1). Unlike most corporations, Plaintiff is not incorporated under the law of any state. It is "a government-sponsored private corporation, regulated by the Secretary of HUD with a status analogous to that of the Federal land banks
(continued...)

defenses to Plaintiff's detainer in state court. Pursuant to 28 U.S.C. § 1447(c), the Court hereby REMANDS the action to Haywood General Sessions Court. All pending motions are DENIED as MOOT due to the remand. The Clerk is directed to close this case without entry of judgment. The Clerk is also directed to mail a certified copy of this order to the Clerk of the Haywood County General Sessions Court.

Pursuant to 28 U.S.C. § 1447(d), "an order remanding a case to the State court from which it was removed is not reviewable on appeal." The §1443 exception to appellate review is inapplicable here.

IT IS SO ORDERED this 11th day of September, 2012.

S/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1]   (...continued)
and the Federal home loan banks." Fed. Nat'l Mortg. Ass'n v. LeCrone, 868 F.2d 190, 194 n.5 (6th Cir. 1989) (internal quotation marks, alterations & citation omitted). The Sixth Circuit Court of Appeals has "express[ed] doubt whether FNMA can sue or be sued on the basis of diversity jurisdiction." Id.; see also Singh v. Fed. Nat'l Mortg. Ass'n, No. CV 10-1918 AHM(DTBx), 2011 WL 166337, at *1 (C.D. Cal. Jan. 13, 2011) (same). In a later, unpublished decision, a Sixth Circuit panel has stated that Fannie Mae is a citizen of the District of Columbia. Hargrow v. Wells Fargo Bank N.A., No. 11-1806, 2012 WL 2552805, at *2 (6th Cir. July 3, 2012). The decision in Hargrow did not address the earlier, published decision in LeCrone. To the extent diversity jurisdiction could be established, Plaintiff's claims are barred because they run afoul of Rooker-Feldman.